IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ZIPPYSACK LLC and <br> LF CENTENNIAL LIMITED, <br><br> Plaintiffs, <br> v. <br><br> ONTEL PRODUCTS CORP., <br><br> Defendant. | C.A. No. <br><br> **JURY DEMANDED** |

# COMPLAINT

Plaintiffs ZippySack LLC and LF Centennial Limited, through the undersigned attorneys, and for their complaint against Defendant Ontel Products Corporation, allege as follows:

## NATURE OF THE ACTION

1.  This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, in response to Ontel's offer for sale and sale of the ZipIt Friends product which infringes U.S. Patent No. 8,898,835 ("the '835 Patent").

## THE PARTIES

2.  Plaintiff ZippySack, LLC is a corporation organized and existing under the laws of the state of Illinois, having a place of business in Streamwood, Illinois. ZippySack created and developed the ZippySack product, a bed cover designed to allow a child to easily make the bed.

3.  Plaintiff LF Centennial is a corporation organized and existing under the laws of the British Virgin Islands, with a place of business in Singapore.

4.  On information and belief, Defendant Ontel Products Corporation is a corporation organized and existing under the laws of the state of New Jersey, having its corporate

headquarters at 21 Law Drive, Fairfield, NJ 07004. Mr. Ashok Khubani is the registered agent for the corporation.

## JURISDICTION AND VENUE

5. This action for patent infringement arises under 35 U.S.C. § 1 *et seq.* generally and 35 U.S.C. § 271 specifically.

6. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. Personal jurisdiction over Ontel is proper because Ontel distributes, offers for sale, and sells products throughout the United States and including Illinois in particular. Ontel has purposefully conducted and continues to conduct business in Illinois, and Illinois is a likely destination of Ontel's products, including in particular the ZipIt Friends product accused of patent infringement in this case. In addition, Ontel through its website www.zipitfriends.com offers for sale the accused ZipIt Friends product and it is available for purchase in Illinois in particular. Moreover, a ZipIt Friends product was purchased in a store located in this District, further confirming jurisdiction.

8. Personal jurisdiction is also proper because Ontel operates its business throughout the United States and in particular in Illinois, and has such substantial contacts with this State as to be subject to personal jurisdiction. On its website, Ontel reports that sells products "in over 80,000 stores in the US." Ontel further identifies as "Retail Partners" stores with a presence in this State including Walmart, Target, CVS, Walgreens, Rite Aid, Toys R Us, Kroger, Home Depot, and Bed Bath & Beyond. Upon information and belief, Ontel has purposely availed itself of the rights and benefits of the laws of the State of Illinois, having engaged in systematic and continuous contacts with the State of Illinois.

9. Personal jurisdiction is further proper because Ontel was previously named as a defendant in litigation in this District and did not contest jurisdiction (see, for example, *Nissenbaum v. Ontel Products Corp. et al.*, 15-cv-03352). Moreover, in at least 2013, 2014, and 2015 Ontel has attended the International Housewares Association conference located in this District (at McCormick Place) and hosted a booth, hoping to earn business in this State, and again intends to attend the same conference in 2016.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT-IN-SUIT

11. The '835 Patent, entitled "Fitted Blanket With Opening And Closing Mechanism," was duly and legally issued on December 2, 2014, naming Amer H. Khan as the inventor. A true and correct copy of the '835 Patent is attached hereto as Exhibit A.

12. Plaintiff ZippySack is the assignee of the '835 Patent.

13. Plaintiff LF Centennial is the licensee of the '835 Patent for the ZippySack product, including for selling the ZippySack product in major retail stores.

14. The ZippySack product is covered by one or more claims of the '835 Patent. Plaintiffs currently make and sell in the United States the ZippySack product.

15. The '835 Patent is not due to expire until at least February 2032.

## ONTEL'S INFRINGEMENT

16. Ontel currently sells the Zipit Bedding product and the Zipit Friends product.

17. The Zipit Bedding product is a typical two-piece solution to the children's bedding problem, which essentially attached a standard sheet set and comforter together with two zipper strips.

18. Then, after ZippySack advertised and made public its design for a one-piece solution, Ontel started offering for sale the Zipit Friends product.

19.   The Zipit Friends product is a one-piece product, with an opening cut into the one piece.

20.   The Zipit Friends product copies the ZippySack product.

21.   The Zipit Friends product is currently available for sale online, and in some small retail stores, but is not available in any national retailer like Walmart or Walgreens. Whereas the ZippySack product is offered for sale at $29.95, the Zipit Friends product is offered for sale for $19.95.

22.   On information and belief, Ontel knew about the '835 patent before offering for sale the Zipit Friends product.

23.   On information and belief, and unless it is enjoined, Ontel will soon be launching the Zipit Friends product in direct competition with ZippySack through major retailers including Walmart and/or Walgreens.

24.   Ontel on its website reports that it sells products "in over 80,000 stores in the US."

25.   Ontel on its website reports that it has "Retail Partners" which include Walmart, Target, Walgreens, CVS, Rite-Aid, Toys-R-Us, Kroger, The Home Depot, and Bed Bath & Beyond.

**COUNT I: INFRINGEMENT OF THE '835 PATENT**

26.   Plaintiffs incorporate and reallege all of the above paragraphs.

27.   The Zipit Friends product infringes one or more claims of the '835 Patent. Offering for sale and selling the Zipit Friends product was and is an act of infringement by Ontel of one or more claims of the '835 Patent under 35 U.S.C. § 271.

28.   Ontel's importing, making, selling, and/or offering for sale of the Zipit Friends product induces and/or contributes to the infringement of one or more claims of the '835 patent.

29. On information and belief, the use of the Zipit Friends product in accordance with and as directed by the product labeling infringe one or more claims of the '835 patent.

30. On information and belief, Ontel has no reasonable basis for believing that its Zipit Friends products will not infringe one or more valid claims of the '835 patent and no reasonable basis for believing that the infringed claims are invalid.

31. This case is "exceptional," as that term is used in 35 U.S.C. § 285.

32. The acts of infringement by Ontel set forth above will cause Plaintiffs irreparable harm for which they have no adequate remedy at law, and those acts will continue unless enjoined by this Court.

33. Ontel's infringement is and should be deemed willful.

## COUNT II: DECLARATORY JUDGMENT OF INFRINGEMENT

34. Plaintiffs incorporate and reallege all of the above paragraphs.

35. Plaintiffs brings claims arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

36. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

37. Ontel has imported, made, offered for sale, and/or sold, and will continue to make, offer for sale, and/or sell in the United States the Zipit Friends product.

38. The importing, making, offering for sale, and/or sale of the Zipit Friends product is an act of infringement, and the product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '835 patent.

39. Ontel has refused to stipulate that it will not launch the Zipit Friends product in major retail stores like Walmart or Walgreens while this matter is in litigation waiting to be resolved by the Court.

40. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Ontel as to liability for the infringement of the '835 patent claims. Ontel's actions have created for Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from Ontel's threatened imminent actions.

41. Plaintiffs are entitled to declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Ontel's Zipit Friends product will constitute infringement of one or more claims of the '835 patent under one or more provisions of 35 U.S.C. § 271, including §§271(a), (b), and/or (c).

42. Ontel's infringement by selling through major retailers is and should be deemed willful.

## **RELIEF SOUGHT**

**WHEREFORE**, Plaintiffs respectfully requests the following relief:

A. Judgment in favor of Plaintiffs and against Ontel;

B. Judgment that Ontel has infringed, literally or by the doctrine of equivalents, one or more claims of the '835 Patent because of the Zipit Friends product, and that the commercial importation, sale, offer for sale, use, and/or manufacture of that product, in the United States, would infringe, induce infringement of, and/or contribute to the infringement of the '835 Patent;

C. A preliminary and permanent injunction, pursuant to 35 U.S.C. §§ 271 and 283 and Rule 65, Fed. R. Civ. P., enjoining Ontel. and its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities

and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from any commercial, manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of any Zipit Friends product, and any product that is similar to or only colorably different from those products, before the date of expiration of the '835 Patent;

D. A declaration that this is an exceptional case and an award to Plaintiffs of its reasonable attorneys' fees and expenses, as provided by 35 U.S.C. § 285; and

E. Damages or other monetary relief, including prejudgment interest, based on past sales and also future sales, if Ontel continues to engage in the commercial manufacture, use, offering to sell, sale, marketing, distribution, or importation of Zipit Friends, or any other products that the use of which would infringe the '835 Patent, or the inducement of or contribution to the foregoing, prior to the expiration of the '835 Patent;

F. An ward of pre-judgment and post-judgment interest on each and every award;

G. An award of Plaintiffs' taxable costs in bringing and prosecuting this action; and

H. Such other and further relief as this Court may deem just and proper.

Dated: August 26, 2015

By: /s/ Imron T. Aly_____
Imron T. Aly
Mir Y. Ali
David Pi
SCHIFF HARDIN LLP
233 South Wacker Drive,
Suite 6600
Chicago, Illinois 60606
(312) 258-5500

*Attorneys for Plaintiffs*